# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

No. 09-50444
Summary Calendar

Charles R. Fulbruge III
Clerk

ANJUM MALIK,

Plaintiff – Appellant

v.

CONTINENTAL AIRLINES, INC.,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-695

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Continental Airlines lost Anjum Malik's baggage during her travels from Austin, Texas to Providence, Rhode Island by way of Newark, New Jersey. Malik's bag contained valuable items, including jewelry, and she filed suit to recover the value of her lost luggage, which she estimates to be $436,000. The district court held that Malik's Contract of Carriage with Continental excluded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all but $800 of her claim and entered judgment in her favor in that amount.[1] On appeal, Malik argues that the district court erroneously enforced certain exclusions in her Contract of Carriage.

Federal common law provides a cause of action for the value of lost luggage against air carriers. *See Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 926-29 (5th Cir. 1997). But carriers are allowed to limit their liability by contract if they give reasonable notice to passengers. *Id.* at 930; *see also Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 524 (5th Cir. 2002). Here, Continental limited its liability for lost luggage to $2,800.[2] It also excluded any liability for, *inter alia*, heirlooms, irreplaceable items, and jewelry. When Malik bought her ticket through an online travel service she acknowledged that Continental's Contract of Carriage applied, that carriers may limit their liability for lost baggage, and that more information regarding luggage liability restrictions could be obtained from the carrier. A full copy of Continental's Contract of Carriage was available to Malik on Continental's website. Further, Malik was given a notice of Continental's liability limitations when she received her boarding pass. This notice indicated that Continental limited its liability for lost baggage to $2,800 and "assumed no liability for fragile, valuable or perishable articles that are lost, damaged, or delayed." It also instructed that further information could be obtained from the carrier. In *Casas*, we enforced a similar exclusion in like circumstances, and the district court correctly enforced the exclusions here. *See* 304 F.3d at 524-25.

Malik makes several attempts to distinguish our precedent, but none is

---

[1] Malik does not challenge the value of her non-excluded items on appeal.

[2] Federal law restricts how low a carrier can limit its liability for lost luggage. When Continental lost Malik's bag, that limit was set at $2,800. It has since increased. *See* 14 C.F.R. § 254.4 (2008).

persuasive. She contends that she was not given reasonable notice of the liability exclusions because her bag was checked by airline personnel without her permission. Continental, however, reserved the right to check any passenger's bag in the Contract of Carriage by which Malik agreed to be bound. Malik's further argument that Continental's liability exclusion is invalid because it violates 14 C.F.R. § 254.4 is also foreclosed by this court's precedent. *See id.* at 525. Finally, Malik alleges that Continental's staff repeatedly assured her after she reached her final destination that her suitcase had been found and would arrive on the "next plane." The suitcase never arrived, and Malik asserts that these allegedly false assurances warrant abrogating Continental's liability exclusions. Malik cites no authority for this proposition, and the Court finds no support for Malik's position in our case law.

The judgment of the district court is AFFIRMED.